It is fully proven that the preliminary steps required by law have been taken by the plaintiff to enable it to institute this proceeding.

The defendants assert that the sum of money lawfully provided is inadequate to acquire the property described or pay the damage inflicted. The plaintiff contends and gives some proof that it is fully sufficient. Should defendants' assertion be substantiated by events, harm cannot result to them, as the plaintiff cannot be vested with title except upon payment of the sum appraised as the value of their holdings by the commissioners. Section 3373, Code Civ. Proc.; State Water Supply Comm. v. Curtis, 192 N. Y. 319, 85 N. E. 148.

Motion to dismiss the petition is denied.

---

(138 App. Div. 416.)

### GILPIN v. SAVAGE.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

1. APPEAL AND ERROR (§ 348*)—TIME FOR APPEAL—COMMENCEMENT.

    Until a copy of the judgment appealed from with written notice of entry has been served upon appellee, the running of the time limited for appealing does not commence.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1900; Dec. Dig. § 348.*]

2. APPEAL AND ERROR (§ 387*)—SERVICE OF UNDERTAKING PENDING APPEAL.

    Where the respondent returns an undertaking on appeal to the appellant, he cannot thereafter claim both that the service of the undertaking so far perfected the appeal as to deprive the lower court of jurisdiction to pass on a motion in the case, and also that the service was so defective as to render the appeal ineffectual.

    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 387.*]

Appeal from Special Term, Erie County.

Action by Richard S. Gilpin against William M. Savage. Judgment for plaintiff (60 Misc. Rep. 605, 112 N. Y. Supp. 802) was affirmed by the Appellate Division (132 App. Div. 948, 118 N. Y. Supp. 1108), and defendant appealed to the Court of Appeals. On motion in the trial court to require plaintiff to accept service of an undertaking on appeal. The motion was granted, and plaintiff appeals. Affirmed.

See, also, 126 App. Div. 924, 111 N. Y. Supp. 1120.

The following is the opinion delivered at Special Term:

The undisputed proof contained in the affidavits presented on this motion shows that no true copy of the judgment appealed from, with written notice of entry, has been served upon the attorney for the defendant up to the present time, and the running of the time limited for appealing has not yet commenced. Good v. Daland, 119 N. Y. 153, 23 N. E. 474. See Harmon v. Van Ness, 56 App. Div. 160, 67 N. Y. Supp. 561; Talman v. Barnes, 12 Wend. 227. The notice of appeal to the Court of Appeals is ineffectual for any purpose until the required undertaking has been given and a copy thereof served as required by section 1326 of the Code. Architectural Iron Works v. City of Brooklyn, 85 N. Y. 652.

The plaintiff, having returned the copy of the undertaking served, will not now be heard to say that the appeal became effectual by that service so as to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

deprive this court of jurisdiction of this application, but is ineffectual to perfect the appeal to the Court of Appeals. I believe this court has authority to require the plaintiff to accept service of the undertaking where such service, and the service of the notice of appeal was timely, but the copy of the undertaking served was returned on the ground that "no appeal to the Court of Appeals is pending in the action mentioned in said undertaking. * * *"

Motion granted, with $10 costs.

·Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Aaron Fybush (Frank C. Ferguson, of counsel), for appellant.
John T. Ryan, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of Lambert, J., delivered at Special Term.

---

DOWNEY v. FENN et al.

(Supreme Court, Monroe County, at Chambers. September 10, 1910.)

1. WITNESSES (§ 12*)—SUBPŒNA—SERVICE—SUFFICIENCY.
    Under Code Civ. Proc. § 7, authorizing subpœnaes requiring attendance of persons found within the state, there was sufficient service of a subpœna where it was served in another county within the state, and the legal per diem and mileage from the place of service to the place of trial was tendered and waived.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 13; Dec. Dig. § 12.*]

2. WITNESSES (§ 21*)—ATTACHMENT—AUTHORITY OF SHERIFF.
    A proceeding to attach a witness who was subpœnaed in another county, but failed to appear, being governed by the civil contempt law as found in the judiciary law (Consol. Laws, c. 30), the warrant was properly directed to the sheriff of the county of trial, as authorized by section 757, subd. 2.

    [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 21.*]

3. WITNESSES (§ 21*)—ATTACHMENT—SERVICE OF AFFIDAVIT—SUFFICIENCY.
    An attachment of a witness who failed to appear on being subpœnaed is not vitiated because the copy of the affidavit served on him did not have attached thereto copies of the subpœna and proof of service thereof, which were attached to the original affidavit on which the warrant of attachment issued, where the affidavit did not in terms make the subpœna and proof of service a part of it, and stated that the subpœna was served as prescribed by law.

    [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 21.*]

4. WITNESSES (§ 21*)—ATTACHMENT—WHERE RETURNABLE.
    Under Judiciary Law, § 753, prescribing punishment for disobeying a subpœna, and under section 757, subd. 2, providing that, when a contempt is punishable by a court, the warrant must be made returnable at a term of the court at which a contested motion may be heard, an attachment proceeding must be dismissed when made returnable before the justice of the Supreme Court who issued it, instead of a term of court.

    [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 21.*]

---